| | |
|---|---|
| Don Springmeyer, NSB No. 1021<br>Bradley Schrager, NSB No. 10217<br>**WOLF, RIFKIN, SHAPIRO,**<br>**SCHULMAN & RABKIN, LLP**<br>3556 E. Russell Road, 2nd Floor<br>Las Vegas, Nevada 89120-2234<br>Tel: (702) 341-5200<br>Fax: (702) 341-5300<br>dspringmeyer@wrslawyers.com<br>bschrager@wrslawyers.com | Stuart McCluer (*Admitted pro hac vice*)<br>**MCCULLEY MCCLUER PLLC**<br>1022 Carolina Blvd., Ste. 300<br>Charleston, SC 29451<br>Tel: (855) 467-0451<br>Fax: (662) 368-1506<br>smccluer@mcculleymccluer.com |

Patrick Madden (*Admitted pro hac vice*)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
pmadden@bm.net

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA L. FALCONE, Ph.D., an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GAUGHAN SOUTH LLC, a Nevada limited liability company dba South Point Hotel, Casino & Spa,<br><br>Defendant. | Case No.: 2:18-cv-0234-GMN-GWF<br><br>**STIPULATION AND ORDER TO STAY PROCEEDINGS AND EXTEND DEADLINE FOR DEFENDANT TO RESPOND TO THE COMPLAINT**<br><br>**(FIRST REQUEST)** |

On February 8, 2018, Patricia L. Falcone, Ph.D ("Plaintiff"), on behalf of herself and the proposed Class, filed the instant case against Gaughan South LLC, a Nevada limited liability company dba South Point Hotel, Casino & Spa ("South Point"). Plaintiff and South Point, by and through their respective counsel of record, stipulate to: (1) stay this case pending a ruling on subject matter jurisdiction in *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"), another similar case filed by the same Plaintiff's counsel; and (2) extend the current deadlines for South Point to respond to Plaintiff's Complaint (ECF No. 1) until after the Court makes a determination of subject matter jurisdiction in the

3363652v1/014500

Caesars Case.

## I. Background

On February 8, 2018, Plaintiff filed the instant case against South Point, alleging that South Point improperly applied Clark County, Nevada's Combined Transient Lodging Tax to charges for internet access. Relatedly, counsel for Plaintiff has filed some fourteen additional lawsuits (the "Related Lawsuits" and, together with the instant action, the "Resort Fee Lawsuits") in this District Court that assert similar claims and requests for relief against other resort/hotel defendants:

- *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (filed on November 10, 2017);
- *Phelps et al. v. MGM Resorts International et al.*, Case No. 2:17-cv-02848-APG-CWH (filed on November 13, 2017);
- *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);
- *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);
- *Bowes, et al., v. Nevada Property 1 LLC, dba Cosmopolitan of Las Vegas,* Case No. 2:17-cv-02913-GMN-VCF (filed on November 20, 2017);
- *Chapman v. Penn National Gaming, Inc. et al.*, Case No. 2:17-cv-02924-GMN-PAL (filed on November 21, 2017);
- *Shapiro v. Treasure Island, LLC*, Case No. 2:17-cv-02930-APG-CWH (filed on November 22, 2017);
- *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);
- *Herrera v. American Casino & Entertainment Properties, LLC, et al.*, Case No. 2:18-cv-00218-JAD-PAL (filed on February 5, 2018);
- *Robinson v. Westgate Resorts, Inc.,* Case No.: 2:19-cv-0095-JAD-CWH

(filed on January 17, 2018)

- *Hernandez, et al., v. FP Holdings, LP, et al.,* Case No. 2:18-cv-00321-RFB-PAL (filed on February 21, 2018);
- *Mason, et al., v. HRHH Hotel/Casino, LLC,* Case No. 2:18-cv-0036-RFB-CWH (filed on February 28, 2018);
- *Hanson v. Plaza Hotel & Casino, LLC,* Case No. 2:18-cv-00378-APG-NJK (filed on March 1, 2018); and,
- *Webster, et al., v. GNLV Corp., et al.,* Case No. 2:18-cv-00576-KJD-PAL (filed on March 29, 2018).

## II. The Requested Stay and Deadline Extensions Will Conserve Resources for the Parties and the Court

To avoid duplicative legal briefing and to efficiently address the common issue of subject matter jurisdiction, the parties to a group of the Resort Fee Lawsuits have entered into a separate agreement (the "Agreement"), attached hereto as Exhibit 1, to efficiently determine subject matter jurisdiction by filing a single motion to dismiss on the issue (the "Subject Matter Jurisdiction Motion") in the first-filed case, *i.e.*, *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"). Under the Agreement, the signatory parties presently before Judge Gordon have agreed to consolidate their respective cases for the sole and limited purpose of allowing Judge Gordon to determine the issue of subject matter jurisdiction in one consolidated order. On February 22, 2018, Judge Gordon granted the parties' request and consolidated various Resort Fee Lawsuits before him.[1]

Additionally, the parties in the remaining cases, including now South Point, have collectively agreed to seek a stay of their respective cases pending a decision on the Subject Matter Jurisdiction Motion in the Caesars Case. While not binding on this Court, such a decision may nevertheless provide guidance, increase judicial efficiency, and decrease costs to both the Court and the parties. In fact, the parties have agreed to take certain actions in this litigation (as

---

[1] *See* Order Granting Stipulations (ECF No. 21), Case No. 2:17-cv-02841-APG-VCF.

3

set forth more fully below) that are contingent on the outcome of the Subject Matter Jurisdiction Motion in the Caesars Case.

Thus, pursuant to the Agreement, Plaintiff and South Point, by and through their undersigned counsel, stipulate that:

1. All matters in the instant case be stayed pending a determination of the Subject Matter Jurisdiction Motion in the Caesars Case.

2. If Judge Gordon finds the Court lacks subject matter jurisdiction and grants the Subject Matter Jurisdiction Motion, then either Plaintiff will move the Court to voluntarily dismiss the instant case without prejudice, or Plaintiff's counsel (who also are counsel in the Caesars Case) will appeal from Judge Gordon's order. If Plaintiff's counsel decides to appeal, then Plaintiff will request a continuation of the stay in this case, pending a resolution of the appeal. If, after appeal, the applicable court determines that there is no federal jurisdiction, then Plaintiff will move the Court to voluntarily dismiss this case without prejudice.

3. If Judge Gordon finds he has subject matter jurisdiction and denies the Subject Matter Jurisdiction Motion, then South Point will not re-file the Subject Matter Jurisdiction Motion in this case.[2]

4. South Point's current deadline to respond to Plaintiff's Complaint (ECF No. 1) is May 18, 2018. If Judge Gordon finds he has subject matter jurisdiction and denies the Subject Matter Jurisdiction Motion, then South Point's deadline to respond to the Complaint shall be extended to 30 days from the date that the court in the Caesars Case enters a final order on the Subject Matter Jurisdiction Motion.

These stipulations between Plaintiff and South Point will permit the efficient determination of a common legal issue that exists in multiple, related lawsuits, and conserve judicial and party resources. Notably, a stipulation requesting similar relief was recently granted by the Court in the related lawsuit of *Bowes et al. v. Nevada Property I LLC*, case no. 2:17-cv-02913-GMN-VCF (ECF

---
[2] As noted above, the parties recognize that this Court is not bound by Judge Gordon's ruling. Nothing in this stipulation shall limit any party's ability to respond to subject matter jurisdiction issues raised by this Court.

4

No. 22).

Pursuant to the Agreement, filing of the Subject Matter Jurisdiction Motion does not constitute a waiver of any defense or argument and shall not preclude South Point from asserting any additional defenses or arguments at a later date, including, without limitation, any defenses or motions permitted by Federal Rule of Civil Procedure 12(b). These stipulations are made in good faith and not for purposes of delay.

Dated: May 14, 2018

| | |
|---|---|
| */s/ Don Springmeyer*<br>Don Springmeyer<br>Bradley Schrager<br>**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**<br>3556 E. Russell Road, 2nd Floor<br>Las Vegas, Nevada 89120-2234<br>Tel: (702) 341-5200<br>Fax: (702) 341-5300<br>dspringmeyer@wrslawyers.com<br>bschrager@wrslawyers.com | */s/ Kevin Diamond*<br>Kevin Diamond, Esq.<br>Thorndal Armstrong Delk Balkenbush & Eisinger<br>1100 E. Bridger Avenue<br>Las Vegas, NV 89125<br>Ph:(702) 366-0622/Fax: (702) 366-0327<br>kdiamond@thorndal.com |

Patrick Madden
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
pmadden@bm.net

Stuart H. McCluer
**MCCULLEY MCCLUER PLLC**
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
smccluer@mcculleymccluer.com
*Counsel for Plaintiff and the Proposed Class*

**ORDER**

IT IS SO ORDERED.

DATED this 22 day of May, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT